UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANATOLIY BEKNAZAROV,<br><br>        Petitioner,<br><br>    v.<br><br>UNKNOWN,<br><br>        Respondent. | No. 2:17-cv-2164 KJN P<br><br>ORDER AND<br><br><u>FINDINGS AND RECOMMENDATIONS</u> |

Petitioner has filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner has paid the filing fee. For the reasons stated herein, the undersigned recommends that this action be dismissed.

This action proceeds on the amended petition. (ECF No. 6.) Petitioner alleges that he is challenging a final order of removal. (<u>Id.</u> at 2.) A copy of that order is attached to the original petition. (ECF No. 1 at 15-24.) On August 24, 2017, an Immigration Judge ordered petitioner removed to Kazakhstan. (<u>Id.</u> at 24.)

The amended petition contains four grounds for relief. (ECF No. 6 at 6-7.) As relief, petitioner requests that the court "reconsider our case, remove accusation, release order of removal and give the right for rehabilitation, remove lien from our property." (<u>Id.</u> at 7.)

////

1

The Real ID Act, Pub. L. No. 109-13, 119 Stat. 231, 310-311 (May 11, 2005), eliminated district courts' habeas corpus jurisdiction, including jurisdiction under 28 U.S.C. § 2241, over final orders of removal and vested jurisdiction over such orders exclusively in the circuit courts of appeals. See, e.g., Alvarez-Barajas v. Gonzales, 418 F.3d 1050, 1052 (9th Cir. 2006) ("[T]he Act makes the circuit courts the 'sole' judicial body able to review challenges to final orders of deportation, exclusion, or removal. To accomplish this streamlined judicial review, the Act eliminated habeas jurisdiction, including jurisdiction under 28 U.S.C. § 2241, over final orders of deportation, exclusion, or removal." (citation omitted)); see also Puri v. Gonzales, 464 F.3d 1038, 1041 (9th Cir. 2006) ("The REAL ID Act ... eliminated district court habeas corpus jurisdiction over orders of removal and vested jurisdiction to review such orders exclusively in the courts of appeals.") For these reasons, this court does not have habeas jurisdiction to consider petitioner's claims challenging the removal order.

The remaining question is whether this action should be dismissed or transferred to the Ninth Circuit Court of Appeals under 28 U.S.C. § 1631. Section 1631 provides that when the "court finds that there is want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court in which the action or appeal could have been brought at the time it was filed or noticed, and the action or appeal shall proceed as if it had been filed in or noticed for the court to which it is transferred on the date upon which it was actually filed in or noticed for the court from which it is transferred." Transfer is appropriate if: (1) this court lacks jurisdiction; (2) this action could have been brought in the Ninth Circuit at the time it was filed; and (3) transfer would be in the interest of justice. Cruz-Aguilera v. I.N.S., 245 F.3d 1070, 1074 (9th Cir. 2001).

Transfer to the Ninth Circuit is not appropriate because this action could not have been brought in the Ninth Circuit at the time it was filed. Petitioner should have filed a petition for review in the Ninth Circuit within thirty days of the final order of removal. See 8 U.S.C. § 1252(b)(1). Apparently he failed to do so.[1] The instant action was not filed within thirty days of

---

[1] In the amended petition, petitioner indicates that he did not appeal the removal order. (ECF No. 6 at 2.) Petitioner explains, "My attorney asks more money for appeal to represent me at the

the final removal order. Because this action could not have been brought in the Ninth Circuit at the time it was filed, this court does not have the power to transfer this action to the Ninth Circuit Court of Appeals. See Iasu v. Smith, 511 F.3d 881, 888 (9th Cir. 2007).

The undersigned also observes that the four claims raised in this action appear to also challenge the merits of petitioner's underlying federal criminal conviction, on which the Immigration Judge relied, in part, to order petitioner's removal. (See ECF No. 1 at 23.) Court records indicate that petitioner has filed a motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 in his underlying federal criminal case. See 2: 12-cr-0051 MCE CKD P (See ECF No. 134). The undersigned does not address the merits of petitioner's claims challenging his federal criminal conviction as these claims are appropriately raised in the § 2255 motion brought in the criminal case.

Accordingly, IT IS HEREBY ORDERED that the Clerk of the Court shall assign a district judge to this action; and

IT IS HEREBY RECOMMMENDED that this action be dismissed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, petitioner may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." If petitioner files objections, he shall also address whether a certificate of appealability should issue and, if so, why and as to which issues. A certificate of appealability may issue under 28 U.S.C. § 2253 "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(3). Petitioner is advised that failure to file objections within the specified time may

////

////

////

---

court, but my family has a low income. I can't afford it." (Id.)

waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  November 14, 2017

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

Bekn2164.dis

4